J-A07018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN RIVERA | : | |
| | : | |
| Appellant | : | No. 221 MDA 2025 |

Appeal from the PCRA Order Entered February 4, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005661-2019

BEFORE: BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED: MARCH 12, 2026**

Appellant, Ryan Rivera, appeals *pro se* from the February 4, 2025 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. After careful review, we affirm.

The relevant facts and procedural history are as follows. On November 15, 2021, a jury convicted Appellant of the third-degree murder of Tyreek Gardner, conspiracy to commit third-degree murder, and carrying a firearm without a license. On January 19, 2022, the trial court sentenced Appellant to an aggregate term of 40 to 80 years of incarceration.

Appellant filed a timely direct appeal from his judgment of sentence claiming that the trial court imposed an illegal sentence for his conspiracy conviction because that crime should not be a cognizable offense under

Pennsylvania law.[1] On March 9, 2023, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Rivera*, 2023 WL 2421091 (Pa. Super. filed March 9, 2023) (non-precedential decision). On August 23, 2023, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Rivera*, 303 A.3d 704 (Pa. 2023).

On March 5, 2024, Appellant *pro se* filed the instant petition, in which he claimed that "counsel had been ineffective for failing to argue the legality of the sentence." Petition, 3/5/24, at 4. The PCRA court appointed counsel, who, on December 12, 2024, filed a *Turner*/*Finley*[2] "no-merit" letter and a petition to withdraw as counsel. In the "no-merit" letter, counsel indicated that Appellant sought to raise ineffective assistance of counsel claims arising from both trial counsel's and appellate counsel's alleged failure to "argue the legality of the sentence." No-Merit Letter, 12/12/24, at 2. Counsel represented that the issues Appellant sought to raise had no merit.

On January 15, 2025, Appellant filed a *pro se* response to counsel's "no-merit" letter and petition to withdraw as counsel, in which he asserted that

---

[1] In the Pa.R.A.P. 1925(b) statement filed in conjunction with Appellant's direct appeal, he also asserted that the Commonwealth presented insufficient evidence to support his conspiracy conviction. He did not, however, raise this claim in his brief to this Court and, accordingly, this Court did not consider its merits. *See Commonwealth v. Rivera*, 2023 WL 2421091, *3 n.2 (Pa. Super. filed March 9, 2023) (non-precedential decision).

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

the Commonwealth's evidence was insufficient to prove the conspiracy charge, and that his trial counsel was ineffective for failing to request a judgment of acquittal on the conspiracy charge, given that the Commonwealth failed to present sufficient evidence to prove it. He also claimed that appellate counsel was ineffective for failing to argue on direct appeal Appellant's sufficiency of the evidence claim.

That same day, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 and issued an order granting counsel's petition to withdraw as counsel. Appellant did not file a response to the Rule 907 notice. On February 4, 2025, the PCRA court dismissed Appellant's petition as meritless.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues in this *pro se* appeal:

1. Whether the evidence was insufficient to sustain a conviction for conspiracy to commit third[-]degree murder where the Commonwealth[']s own star witness (Appellant's co-defendant) testified there was no agreement or plan to commit homicide, and the incident was spontaneous.

2. Whether trial counsel rendered ineffective assistance under **Strickland v. Washington**, 466 U.S. 668 (1984), by failing to move for a judgment of acquittal on the conspiracy charge where the Commonwealth presented no evidence of an agreement?

3. Whether PCRA counsel was ineffective for failing to preserve and litigate trial counsel['']s ineffectiveness and the insufficiency of the conspiracy evidence, resulting in waiver of meritorious claims?

Appellant's Br. at 3.

Appellant's first two issues, in essence, challenge the PCRA court's denial of his petition as meritless. "[W]e review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa. Super. 2022) (citation and internal quotation marks omitted). It is an appellant's burden to persuade us that the PCRA court erred and that relief is due. ***Commonwealth v. Wholaver***, 177 A.3d 136, 144-45 (Pa. 2018). "[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" ***Howard***, 285 A.3d at 657.

In his first issue, Appellant claims that the Commonwealth failed to prove he committed the offense of conspiracy to commit third-degree murder because it did not present evidence of an agreement between him and his co-defendant. Appellant's Br. at 7-8. He contends that the evidence only showed "a sudden fight into which Appellant and his co[-]defendant entered without any prior arrangement." ***Id.*** at 8.

Under the PCRA, a petitioner may raise claims asserting (1) constitutional violations; (2) ineffective assistance of counsel; (3) an unlawful inducement of a guilty plea; (4) obstruction of a defendant's right to an appeal; (5) newly discovered exculpatory evidence that was not available at the time of the trial; (6) an imposition of a sentence greater than the lawful maximum; and (7) a lack of jurisdiction. ***See*** 42 Pa.C.S. § 9543(a)(2). This Court has consistently held that challenges to the sufficiency of the evidence

are not cognizable under the PCRA. *See Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting a sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because it is not cognizable under the PCRA); *see also Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa. Super. 1998) (holding that sufficiency claims are not cognizable under the PCRA). Because Appellant's sufficiency of the evidence claim is not cognizable under the PCRA, we decline to address it.[3]

In his second issue, Appellant contends that the trial court erred in finding that his claim, that his trial counsel was ineffective for failing to move for a judgment of acquittal on the conspiracy charge, lacked merit. Appellant's Br. at 8-9. In his one-paragraph argument in support of this claim, Appellant baldly contends as follows:

> Deficient performance: Any competent lawyer would have challenged the insufficiency of conspiracy evidence, especially given the Commonwealth[']s own witness undermined its theory. Prejudice: But for counsel[']s failure. Appellant would have been acquitted of conspiracy. Allowing the jury to convict on an unsupported charge undermined the fairness of the trial.

*Id.* at 9.

---

[3] Moreover, a claim that a petitioner could have raised "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[,]" but failed to raise, is waived. 42 Pa.C.S § 9544(b). Here, Appellant included a challenge to the sufficiency of the evidence in the Rule 1925(b) statement filed in support of his direct appeal. He subsequently abandoned that issue, however, by not including it in his brief to this Court. Accordingly, even if it were cognizable under the PCRA, Appellant would have waived this claim because he could have raised it on direct appeal.

"[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record[,] and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted), *see also* Pa.R.A.P. 2111 (listing requirements for an appellant's brief); Pa.R.A.P. 2119 (listing argument requirements for appellate briefs).

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him of the obligation to follow the Rules of Appellate Procedure. *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). If a deficient brief hinders this Court's ability to address an issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006); *see also* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

Instantly, Appellant's argument in support of this claim is devoid of any citation to the record and, although Appellant has provided citation to boilerplate legal authority, he has not discussed or analyzed any pertinent authority in light of the facts of this case. We cannot and will not act as

counsel and develop Appellant's argument for him. Accordingly, we find this claim waived.[4]

In his final issue, Appellant contends that PCRA counsel was ineffective for failing to preserve and litigate trial counsel's ineffectiveness, presumably because PCRA counsel filed a **Turner**/**Finley** "no-merit" letter and sought to withdraw as counsel. In particular, Appellant claims as follows:

> PCRA counsel was ineffective for failing to raise these meritorious claims. PCRA counsel omitted these issues entirely, causing waiver. As in **Martinez v. Ryan**, 566 U.S. 1 (2012), ineffective post-conviction representation can excuse procedural default where trial counsel claims are substantial. Here, the trial counsel claim was plainly meritorious. PCRA counsel[']s failure to present it constituted deficient performance and prejudiced Appellant, leaving the conspiracy conviction unreviewed. Relief is therefore warranted.

Appellant's Br. at 9 (some citations omitted).

It is axiomatic that issues not raised by an appellant in the lower court are waived. Pa.R.A.P. 302(a). We require that "an issue be considered waived if raised for the first time on appeal" to "ensure that the trial court that initially

_____

[4] Even if Appellant had not waived this claim, we would conclude that the record supports the PCRA court's finding that it meritless. Our review of the record indicates that the evidence at trial demonstrated that Appellant and another man, Brian Paltan, who were both armed, had an agreement to find and assault the victim, and in furtherance of this agreement they searched for the victim, assaulted him, and shot at him, and, ultimately Appellant killed him. **See** N.T., 11/27/21, at 431-36, 483-85, 493. Because the evidence supported Appellant's conspiracy conviction, trial counsel was not ineffective for failing to move for a judgment of acquittal on this charge. **See Commonwealth v. Koehler**, 36 A.3d 121, 132, 140 (Pa. 2012) (reiterating three-part test to demonstrate counsel's ineffectiveness and holding that where "the underlying claim lacks arguable merit, counsel cannot be deemed ineffective for failing to raise it.").

hears a dispute and has had an opportunity to consider the issue." ***Commonwealth v. Miller***, 80 A.3d 806, 811 (Pa. Super. 2013) (citation omitted). Where a PCRA petitioner has the opportunity to raise a claim that his PCRA counsel has rendered ineffective assistance of counsel before the PCRA court but fails to do so, we will find the claim waived. ***See Commonwealth v. Davey***, 345 A.3d 1218, 1224 (Pa. Super. 2025).

In ***Davey***, after the defendant's PCRA counsel filed a ***Turner***/***Finley*** "no-merit" letter in which, according to Appellant, counsel misconstrued the basis of the claim Appellant sought to raise, the PCRA court permitted Appellant to file an amended PCRA petition in which Appellant could have, but did not, raise a claim that PCRA counsel was ineffective for his alleged error. ***Id.*** Instead, on appeal to this Court, Appellant claimed for the first time that PCRA counsel had been ineffective. ***Id.*** We found Appellant's ineffective assistance of counsel claim waived because he did not raise this claim at the first opportunity to do so. ***Id.***

Similarly here, Appellant's PCRA counsel filed a ***Turner***/***Finley*** "no-merit" letter, in which he informed the court Appellant sought to raise ineffective assistance of counsel claims arising from both trial counsel's and appellate counsel's alleged failure to "argue the legality of the sentence." No-Merit Letter, 12/12/24, at 2. On January 15, 2025, Appellant filed a *pro se* response to counsel's "no-merit" letter, in which he asserted that the Commonwealth's evidence was insufficient to prove the conspiracy charge, and that his trial counsel was ineffective for failing to request a judgment of

- 8 -

acquittal on the conspiracy charge, given that the Commonwealth failed to present sufficient evidence to prove it. He also claimed that appellate counsel was ineffective for failing to argue on direct appeal Appellant's sufficiency of the evidence claim. Notably, Appellant did not claim that PCRA counsel had rendered ineffective assistance of counsel by failing to preserve and litigate claims of ineffective assistance of trial counsel. Because Appellant failed to raise this ineffective assistance of PCRA counsel at the first opportunity to do so, we find it waived.

In sum, having found Appellant's issues either not cognizable under the PCRA or waived, we affirm the order denying his PCRA petition as meritless.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/12/2026